UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JOHN J. TURI,**

    Plaintiff,

v.                                                               Case No: 5:13-cv-248-Oc-22PRL

**THOMAS STACEY, STACEY
INTERNATIONAL, STACEY
PUBLISHING LTD, STRUAN
SIMPSON and KEITH YOUNG**

    Defendants.

## ORDER

This case comes before the Court for consideration of *pro se* Plaintiff's Motions to Appoint Special Process Server. (Docs. 14, 15, 16, 17, and 18). Plaintiff requests that the Court appoint a special process server to transmit documents to the Senior Master of the Royal Courts of Justice in England, as authorized by the Hague Convention. The Defendants in this case include, apparently, citizens of the United Kingdom, and corporations in the United Kingdom. (Doc. 1, p. 1).

Pursuant to Rule 4(c)(3) of the Federal Rule of Civil Procedure, "at the plaintiff's request, the court may order that service be made . . . by a person specially appointed by the court." Although the Federal Rules of Civil Procedure normally make appointment of a special process server unnecessary because the rules provide that service may be made by "any person who is at least 18 years old and [is] not a party," court appointment is appropriate when the person needs to be given authority that is not available to the ordinary private process server. *Allstate Ins. Co. v. Weir*, 531 F.Supp. 2d 674, 679 (E.D. N.C. 2008).

- 2 -

This order merely appoints a special process server and does not address the validity or legality of service of process by the process server selected by Plaintiff in the United Kingdom (John Pierceall and agents of Ancillary Service Corporation), or under Rule 4 of the Federal Rules of Civil Procedure. Nor is this Order an order under Rule 4(f)(3) authorizing service "by other means not prohibited by international agreement." The requirements for service of process on a foreign corporation in a foreign country are set forth in Rule 4(h)(2), which incorporates the available methods of service set forth in Rule 4(f). Under Rule 4(f) an available method of service is the Hague Convention on the Service Abroad of Judicial And Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service Convention"), [1969], 20 UST 361, T.A.S. No. 6638. The United Kingdom is a signatory to the Hague Convention.

Compliance with the Hague Service Convention is mandatory in all cases to which it applies. *Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1356 (S.D. Fla. 2005). Accordingly, to the extent that the Hague Service Convention applies, Plaintiff will be required to utilize that method of service.

Accordingly, upon due consideration, Plaintiff's Motions To Appoint Special Process Server (Docs. 14, 15, 16, 17, and 18) are **GRANTED**. The Court hereby appoints John Pierceall and agents of Ancillary Service Corporation as special process server for the limited purposes described in this Order.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Ocala, Florida on January 10, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties