UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JOHN J. TURI,**

    **Plaintiff,**

v.                                        Case No: 5:13-cv-248-Oc-22PRL

**THOMAS STACEY, STACEY
INTERNATIONAL, STACEY
PUBLISHING LTD, STRUAN
SIMPSON and KEITH YOUNG**

    **Defendants.**

## ORDER

Pending before the Court is *pro se* Plaintiff's Motion for Default and Default Judgment (Doc. 32), which has been referred to the undersigned for ruling, or if necessary, issuance of a Report and Recommendation. (Doc. 34). As explained below, because Plaintiff has demonstrated that the Defendants have been properly served under the Hague Service Convention, and that they have failed to plead or otherwise defend this case, Plaintiff's motion for Clerk's entry of default is due to be granted.

    **I.    BACKGROUND**

On May 29, 2013, Plaintiff initiated this action against Defendants Thomas Stacey, Stacey International, Stacey Publishing LTD, Struan Simpson, and Keith Young, alleging claims including breach of contract, fraud, and copyright infringement arising from an alleged publishing contract for a book authored by Plaintiff entitled, "England's Greatest Spy, Eamon deValera." (Doc. 1).

- 2 -

On July 24, 2013, Defendants, acting *pro se*, appeared for the limited purpose of moving to dismiss the complaint on the basis of lack of personal jurisdiction, failure to properly serve the Defendants, and forum *non conveniens*. On November 13, 2013, the Court found that Plaintiff had not properly complied with The Hague Service Convention,[1] and quashed service of process as to all Defendants. Plaintiff was granted leave to serve Defendants in a manner consistent with the Hague Service Convention, and the Court's directives. (Doc. 13).

After moving for the appointment of a special process server, Plaintiff filed documents attesting to be proof of service upon Defendants executed on February 3, 2014. (Docs. 26, 27, 28, 29, & 30). A review of these documents reveals the following certifications. As to Defendants Keith Young, Thomas Stacey, Stacey International, and Stacey Publishing LTD, "The documents were served by posting them through the Defendant's letterbox. This method is good service under Rule 6.3 (1)(c) of the Civil Procedure Rules of England and Wales." (Docs. 26, 27, 28 & 29). As to Defendant Struan Simpson, "Documents were served by leaving through the communal door of the address given." (Doc. 30). The documents also bear a stamp reading, "Senior Courts of England and Wales Foreign Process Section." *Id.*

On June 18, 2014, the undersigned directed Plaintiff to provide a written response addressing whether service of process was properly perfected upon each of the Defendants in accordance with the provisions of the Hague Service Convention. On July 2, 2014, Plaintiff filed a response, including the Affidvait of John Pierceall Regarding Service of Process in the United Kingdom. (Doc. 36, p. 2-3).

---

[1] The text of the Convention, practical guides for adhering to it, and other helpful documents are available online. See "Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. http://www.hcch.net/index_en.php?act=conventions.text&cid=17.

## II.     LEGAL STANDARDS

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  *See also* Local Rule 1.07(b) ("When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed.R.Civ.P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed.R.Civ.P., and shall then proceed without delay to apply for a judgment pursuant to Rule 55(b) ....").

Effective service of an individual in a foreign country should be accomplished, if applicable, "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1).  Both the United States and the United Kingdom are signatories to the Hague Service Convention, the purpose of which is to "provide a simpler way to serve process abroad and to ensure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit in accordance with our notions of due process." *Shenouda v. Mehanna*, 203 F.R.D. 166, 170 (D.N.J. 2001) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698, 108 S. Ct. 2104, 2107 (1988)).  Service according to the Hague Service Convention benefits plaintiffs, too, because they generally "find it easier to enforce their judgments abroad." *Id.*   "[C]ompliance with the Convention is mandatory when serving a foreign defendant in a signatory country." *Id.* (citing *Schlunk*, 486 U.S. at 699, 108 S. Ct. at 2108).

### III. DISCUSSION

In order to establish that clerk's entry of default is appropriate under Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff must first establish that Defendants, who apparently include residents of England and English corporations, have been properly served with the Complaint under the Hague Service Convention.

In his affidavit, John Pierceall states that he is a staff attorney for Ancillary Legal Corporation, a company that routinely serves international legal process. (Doc. 6, p. 2). Mr. Pierceall further states that he has 25 years of experience in serving international process, including serving Summons and other initial pleadings and original process in civil actions. (Doc. 36, p. 2). Mr. Pierceall states that he was appointed in this case to send the documents to the Senior Master of the Royal Courts of Justice in London for service under the Hague Convention pursuant to their rules of Court. (Doc. 36, p. 3).

In the instant case, based upon the documents in the record and the Affidavit of John Pierceall, the service upon Defendants appears sufficient under the Hague Convention. The Return of Service documents (Docs. 26-30) indicate that the Plaintiff, in accordance with Art. 3 of the Hague Convention, sent a request for service of the Complaint to England's Central Authority, which is the Senior Courts of England and Wales, Foreign Process Section. England's Central Authority then, in accordance with Art. 5 of the Hague Convention, served the complaint on each Defendant by a method prescribed by English law. On the Return of Service forms for Defendants Thomas Stacey, Keith Young, Stacey Publishing LTD, and Stacey International, the Central Authority certified that it performed service in accordance with Rule 6.3(1)(c) of the Rules of Civil Procedure of England and Wales by "posting [the documents] through the defendant's letterbox." Rule 6.3(1)(c) permits service by leaving the document at an individual's "usual or last known

residence," or, if the defendant is a company, at the company's principal place of business. R. Civ. Proc. Eng. 6.3(1)(c), available at http://www.justice.gov.uk/courts/procedure-rules/civil/rules/part06#6.8.  As stated by John Pierceall, posting the documents through the Defendants' letterbox is "good service under rule 6.3(1)(c) of the Civil Procedure Rules of England and Wales."  (Doc. 36, p. 3).  For Defendant Struan Simpson, the Return of Service form indicates that service was performed by "leaving [the documents] through the communal door of the address given," which is consistent with R. Civ. Proc. Eng. Rule 6.3(1)(c).

Finally, the Central Authority complied with Art. 6 of the Hague Convention by completing a certificate of service for each Defendant.  (Docs. 26-30).  It therefore appears that service of process was properly perfected upon each of the Defendants in accordance with the provisions of the Hague Service Convention, and that service was made on February 3, 2014.  (Docs. 26-30). However, to date, each of the Defendants has failed to plead or otherwise defend this case.

## IV.   CONCLUSION

Accordingly, and upon due consideration, Plaintiff's Motion for Default (Doc. 32) is **GRANTED** to the limited extent that Clerk's default shall be entered.  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk is directed to enter a default against each of Defendants.  Thereafter, pursuant to Local Rule 1.07(b), Plaintiff shall apply for a judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, failing which this case shall be subject to dismissal.

**DONE** and **ORDERED** in Ocala, Florida on July 22, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

- 6 -

Copies furnished to:

Counsel of Record
Unrepresented Parties