**U**NITED **S**TATES **D**ISTRICT **C**OURT
**M**IDDLE **D**ISTRICT **O**F **F**LORIDA
**O**CALA **D**IVISION

**JOHN J. TURI,**

       **Plaintiff,**

v.                                                  Case No:   **5:13-cv-248-Oc-22PRL**

**THOMAS STACEY, STACEY INTERNATIONAL, STACEY PUBLISHING LTD, STRUAN SIMPSON and KEITH YOUNG,**

       **Defendants.**

**ORDER**

This cause comes before the Court on Plaintiff John J. Turi's ("Plaintiff") Objections (Doc. No. 52) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 51), which recommended that this case be dismissed for want of personal jurisdiction. Defendant Thomas Stacey filed a letter that the Court will construe as a Response in favor of the Magistrate Judge's R&R (Doc. No. 55). Because none of the Objections are meritorious, the Court will adopt and confirm the R&R and dismiss this case.

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[1] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847

---

[1] Unpublished Eleventh Circuit cases are persuasive, but not binding.

F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983) (citations omitted).

Judge Lammens' thorough R&R correctly explains why this Court lacks personal jurisdiction over the Defendants in this case. First, the Court cannot exercise jurisdiction via Federal Rule of Civil Procedure 4(k)(1), which provides for personal jurisdiction over diversity cases that is coextensive with that of a Florida state court, because the Defendants did not commit any of the acts enumerated in the Florida Long-Arm Statute, § 48.193.[2] (*See* R&R at 12-22.) Even if Defendants had committed an act that triggered the long-arm statute, it is abundantly clear that the exercise of personal jurisdiction over Defendants would not comport with the Due Process Clause of the Fourteenth Amendment for the reasons stated in the R&R. After *de novo* review, it is apparent that Plaintiff's assertions to the contrary are unavailing.

---

[2] One of Plaintiff's more frequent objections (there are 37) is that Clause 13 of his agreement with Defendants fits within the Florida Long-Arm Statute's provision of jurisdiction where a contract complies with Florida's Choice-of-Law Statute. Fla. Stat. § 48.193(1)(a)(9). Plaintiff is wrong. Florida's Choice-of-Law Statute only provides jurisdiction:

> if the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of the law of this state, in whole or in part, has been made pursuant to s. 685.101 and which contains a provision by which such person or other entity residing or located outside this state agrees to submit to the jurisdiction of the courts of this state.

Fla. Stat. § 685.102. Here, Clause 13 of the Contract states only that "[t]he law applicable to this Agreement shall be the law of the United States of America." (Doc. No. 45 at 21.) There is no mention of Florida law, nor agreement by either party to submit to the jurisdiction of Florida courts. Thus, this Court does not have jurisdiction under the choice-of-law provision of the Long-Arm Statute.

Second, Plaintiff's claim of personal jurisdiction under Rule 4(k)(2) is equally futile. That statute permits the Court to exercise jurisdiction over "a claim that arises under federal law" only if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction" and "exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). Here, Plaintiff does not allege any claim that could plausibly arise under federal law; his only attempt at doing so appears in Count Eight, for copyright infringement. (Compl. (Doc. No. 1) at 5.) But as Magistrate Judge Lammens explained, the contract Plaintiff submitted shows that he has no standing to assert a claim for copyright infringement because he granted Defendants an exclusive license to publish his book. (*See* R&R at 6-10; Doc. No. 45 at 19-23.) There is nothing to support Plaintiff's claim that this license was somehow invalidated because of fraud on the part of Defendants. In any event, Plaintiff again fails to show that exercise of either general or specific personal jurisdiction over Defendants pursuant to Rule 4(k)(2) would be "consistent with the United States Constitution and laws," because there is no indication that Defendants had sufficient minimum contacts with the United States. *See Fraser v. Smith*, 594 F.3d 842, 849-52 (11th Cir. 2010). After *de novo* review, the Court finds that Plaintiff's objections to the Magistrate Judge's R&R on Rule 4(k)(2) jurisdiction are also due to be overruled.

Based on the foregoing, it is ordered as follows:

1. The Magistrate Judge's Report and Recommendation (Doc. No. 51) is **ADOPTED and CONFIRMED** and made a part of this Order.

2. Plaintiff John J. Turi's Objections (Doc. No. 52) are **OVERRULED**.

3. This action is **DISMISSED without prejudice** for lack of personal jurisdiction.

4. The Clerk is directed to terminate all other pending motions and **CLOSE** this case.

- 4 -

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on January 27, 2015.

*/s/ Anne C. Conway*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties